OPINION *Page 2 
{¶ 1} Appellant, Antonio L. Williams, appeals a judgment of the Licking County Common Pleas Court convicting him of complicity to commit aggravated robbery (R.C. 2911.01(A)(1), 2923.03(A)(2)) with an accompanying firearm specification (R.C. 2929.14(D), 2941.145) and sentencing him to seven years incarceration. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} At approximately 11:00 p.m. on November 19, 2007, Katie Piper, a 23-year-old college student, returned to her apartment building in Newark, Ohio from the grocery store. As she parked her car, she saw two men she did not recognize. They approached her car, nodded to each other, and separated. Appellant approached her car on the right, while Abubakarr "Dante" Savage approached on the left. Concerned for her safety, Piper locked the car and planned to stay in the car until the men left the parking lot.
 {¶ 3} Abubakarr Savage pointed a gun at Piper's head through the driver's side window and demanded money. Piper told Savage she had no cash with her. He became more upset and more aggressive with Piper. She opened the car door, still holding her purse, and asked him why he was doing this. He cocked the gun, stuck it in her face, and said, "Give me your fucking purse." Tr. 74. At that point, Katie relinquished her purse, which contained her debit and credit cards, her driver's license, her social security card, her checkbook and her cell phone. Appellant then approached Katie and grabbed her car keys. The two men fled on foot. *Page 3 
 {¶ 4} Katie ran to a neighbor's apartment and called 911. When police responded to the scene, they brought a tracking dog, "Perro," to attempt to track the scent of the assailants. The dog tracked the men on a line from the apartment building to a parking lot behind a church. Perro lost the scent in the church's asphalt parking lot.
 {¶ 5} Police then received a tip from a known informant which led to a search of an apartment occupied by appellant and Savage. The apartment is located in almost a direct line from the tracking direction indicated by the dog. Police executed a search warrant of the apartment on November 20, 2007, and found a .9 mm pistol during the search.
 {¶ 6} Appellant was questioned by police following the search of the apartment. Police found he had Piper's cell phone in his possession. Appellant admitted to the police that the night before, he and Savage went to the Duke and Duchess for cigarettes after rolling dice. Savage had lost some money in the dice game. While cutting through an apartment complex on their way home, they saw Piper pull into a parking spot. They thought she might have some money. Appellant admitted to police that Savage threatened Piper with the firearm, and appellant admitted that he took her keys. When asked why he took the keys, which he later discarded in the bed of a truck, appellant responded that he didn't want her to be able to call the police. Appellant and Savage went through her purse, planning to split any cash they found. When they did not find any cash in the purse, they threw the purse and its contents away, with the exception of the cell phone.
 {¶ 7} Appellant was indicted by the Licking County grand jury on November 30, 2007, with one count of complicity to commit aggravated robbery with a firearm *Page 4 
specification. The case proceeded to jury trial. Appellant was convicted as charged. The court sentenced him to four years incarceration for aggravated robbery and three years incarceration for the firearm specification, to be served consecutively. He assigns a single error to this court on appeal:
 {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN IMPOSING CONSECUTIVE SENTENCES ON WILLIAMS."
 {¶ 9} While appellant's assignment of error is phrased as error as a matter of law, in his argument he claims the court abused its discretion in imposing consecutive sentences.
 {¶ 10} The court had no discretion in deciding whether to sentence appellant concurrently or consecutively, because Ohio law requires that the firearm specification be served consecutively to the sentence on the underlying offense. Appellant's three-year sentence on the firearm specification (R.C. 2941.145) is set forth in R.C. 2929.14(D)(1)(a)(ii):
 {¶ 11} "(D)(1)(a) Except as provided in division (D)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141, 2941.144, or 2941.145 of the Revised Code, the court shall impose on the offender one of the following prison terms:
 {¶ 12} "(ii) A prison term of three years if the specification is of the type described in section 2941.145 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the *Page 5 
offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense;"
 {¶ 13} Pursuant to R.C. 2929.14(E)(1)(a), the court is required to impose this sentence consecutively to the sentence on the underlying conviction:
 {¶ 14} "Subject to division (E)(1)(b) of this section, if a mandatory prison term is imposed upon an offender pursuant to division (D)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (D)(1)(c) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division or under division (D)(1)(d) of this section, consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (D)(2), or (D)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender."
 {¶ 15} Because the court was required by statute to impose appellant's sentence on the firearm specification consecutively with the sentence for complicity to commit aggravated robbery, the assignment of error is overruled. *Page 6 
 {¶ 16} Accordingly, the judgment of the Licking County Common Pleas Court is affirmed.
Edwards, J., Gwin, P.J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1